UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AARON P. RUDDY,

                          Petitioner,

  v.
                                                                  9:08-CV-1319 (LEK)

ANTHONY BOCAUD,
Superintendent,

                          Respondent.
_____

**APPEARANCES:**

AARON P. RUDDY
Petitioner, pro se

LAWRENCE E. KAHN
Senior, United States District Judge

## DECISION and ORDER

**I.    Background**

    Petitioner *pro se* Aaron P. Ruddy commenced this action by filing a Petition for a writ of habeas corpus in this District on December 8, 2008. See Dkt. No. 1. This Court thereafter directed Ruddy to file an Amended Petition if he wished to proceed with this action. See Dkt. No. 3. On January 7, 2009 Ruddy filed such an amended pleading in accordance with this Court's directive. See Dkt. No. 4 ("Am. Pet.").

    Therein, Ruddy claims that in July of 2005, he pleaded guilty in Saratoga County Court to the charge of third degree burglary and was sentenced to a term of imprisonment of time-served, a five year period of probation, and a requirement that Ruddy comply with the terms imposed on him by the Saratoga County drug treatment court. See Am. Pet. at 9, ¶ 1. The sentencing court advised Ruddy at that time that if he failed to comply with the conditions of the plea, he would

be re-sentenced to a prison term of two and one-third to seven years.  See People v. Ruddy, 51 A.D.3d 1134 (3d Dept. 2008).  Ruddy was thereafter charged with and admitted to twice violating the terms of the drug treatment court.  Id.  He was then sentenced by the trial court in May of 2006 to a term of two and one-third to seven years imprisonment.  Id.; see also Am. Pet. at 9, ¶ 3.

On October 29, 2007, Ruddy was granted parole from that sentence; however in March, 2008, he was charged with violating one of the conditions of his parole.  Am. Pet. at 9, ¶¶ 4-5; see also Respondent's Memorandum of Law in Opposition to Petition (Dkt. No. 8) ("Resp. Mem.") at 4.  On June 10, 2008, Ruddy pleaded guilty to violating the terms of his parole and, on June 13, 2008, Administrative Law Judge Bruce Van Dyk issued a Parole Revocation Decision Notice which resulted in Ruddy being returned to the custody of the Department of Correctional Services ("DOCS").  See Dkt. No. 9-5.

On May 8, 2008, the New York State Supreme Court Appellate Division, Third Department issued its decision on Ruddy's appeal of the County Court's May 2006 re-sentencing of Ruddy.  In its decision, the Appellate Division invalidated the sentence imposed on Ruddy at the May 2006 hearing and remitted the matter back to the County Court.  See Ruddy, 51 A.D.3d at 1134-36.  On May 12, 2008, the Saratoga County Court re-sentenced Ruddy to an indeterminate term of 2 to 4 years imprisonment on his original burglary conviction.  Am. Pet. at 9, ¶ 7; see also Ruddy v. Boucaud, No. 08-1237 (N.Y. S.Ct., Clinton Cty., Oct. 24, 2008) ("October 2008 Order") (Dkt. No. 9-9) at 2.

On August 15, 2008, Ruddy filed a petition seeking a writ of habeas corpus in Clinton County, New York in which he challenged the revocation of his parole and alleged that he was

being held in the custody of the DOCS in violation of his constitutional rights. See Dkt. No. 9-6. That application was opposed by the Attorney General for the State of New York. See Dkt. No. 9-7. On October 24, 2008, Acting Supreme Court Justice S. Peter Feldstein concluded that the June, 2008 revocation of Ruddy's parole was proper and accordingly denied and dismissed Ruddy's habeas petition. See October 2008 Order at 4.[1]

Ruddy filed a notice of appeal of that decision with the Third Department, and on March 31, 2009, that court afforded Ruddy until June 1, 2009 to perfect his appeal. See Dkt. No. 9-12. As of the date that the respondent filed his papers in opposition to Ruddy's amended petition, counsel appointed on Ruddy's behalf relative to such appeal had not yet perfected that appeal to the Appellate Division. See Resp. Mem. at 6.[2]

Subsequent to the commencement of this action, a member of the court's staff ascertained that, according to the "Inmate Population Information" database provided by the DOCS on its website, the maximum expiration date of Ruddy's sentence is November 20, 2009.[3]

**II.   Discussion**

---

[1] Ruddy asserts that the October 2008 decision of Judge Feldstein was issued on October 27, 2008. See Am. Pet. at 10, ¶ 17.

[2] In his amended pleading, Ruddy claims that in addition to the writ of habeas corpus he filed in state court challenging the revocation of his parole, he also filed an appeal of the Parole Revocation Decision Notice with the New York State Division of Parole, but that, as of the date he commenced the present action, such appeal was still pending. See Am. Pet. at 9-10 at ¶¶ 9-12.

[3] According to the DOCS website, "[u]pon reaching the maximum expiration date, the individual's legal obligation to serve a custodial sentence or period of parole supervision ends." See www.docs.state.ny.us/univinq/fpmsdoc.htm.

3

A.   Mootness[4]

Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to cases that present a "case or controversy." Spencer v. Kemna, 523 U.S. 1, 6 (1998); Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 258 F. Supp. 2d 157, 160 (E.D.N.Y. 2003). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (internal quotations and citations omitted); Lavin v. United States, 299 F.3d 123, 128 (2d Cir. 2002).

Generally, a habeas petitioner's release from prison does not render that party's petition for habeas corpus moot because § 2254 requires only that the petitioner be "in custody" at the time the petition is filed. Wheel v. Robinson, 34 F.3d 60, 63 (2d Cir. 1994); Cadilla v. Johnson, 119 F. Supp. 2d 366, 371 n.2 (S.D.N.Y. 2000). The "case or controversy" requirement is also typically satisfied by the habeas petition which challenges the validity of the underlying state court conviction because the incarceration (or restrictions imposed on the individual by the terms of the parole) "constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer, 523 U.S. at 7.

In this action, however, Ruddy is not challenging the validity of the underlying burglary

---

[4] Although the respondent has not argued that this action is moot, this Court notes that when a case becomes moot, the federal court is deprived of subject matter jurisdiction over the action. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Fox v. Board of Trustees of the State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994) (internal quotation and citation omitted). Federal courts must consider sua sponte matters that touch upon the court's subject matter jurisdiction. Krimstock v. Kelly, 306 F.3d 40, 70 n.34 (2d Cir. 2002) ("whether the claims of some plaintiffs have been rendered moot ... is a question that a court must address sua sponte"); see also United States v. Williams, 475 F.3d 468, 479 (courts "'have the obligation to consider whether this action is moot'") (quoting In re Kurtzman, 194 F.3d 54, 58 (2d Cir. 1999)).

conviction. Rather, he contends that: i) he was not afforded proper credit to his sentence for time he served while on probation (see Am. Pet., Ground One); and ii) the finding that he violated the terms of his parole must be vacated because such determination related to the May 2006 sentence that was invalidated by the Appellate Division (see id., Ground Two). Ruddy summarizes the claims in his petition as follows:

> Petitioners arguments stem from the facts that petitioner is entitled to the entire period served while on probation once the Appellate Court Third Department vacated the original sentence. And that Petitioners parole violation should also have been vacated where as here, once the Appellate Court ruled that the original sentence where the parole violation occurred was illegal and vacated, so must the underlying parole violation be vacated. No parole violation could have occurred under a sentence which actually never took place.... [T]his petitioner should not have been incarcerated on the non-existant parole violation and, clearly, is entitled to the immediate release from incarceration.

Am. Pet. at pp. 11-12.

As noted ante, however, Ruddy's sentence relating to the burglary conviction – including any time during which he could have been placed on parole for that crime – fully expired on November 20, 2009.

Once a litigant's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." Spencer, 523 U.S. at 7 (quoting Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968)). In Spencer, the Supreme Court, in refusing to extend the "presumption" of collateral consequences to the area of parole revocation, id. at 12 (citing Lane v. Williams, 455 U.S. 624 (1982)), held that a petitioner must establish actual collateral consequences in order to meet Article III's injury-in-fact requirement. Spencer, 523 U.S. at 14.

In the present case, Ruddy is not challenging his underlying criminal conviction; rather, he claims that: i) he did not receive appropriate sentencing credit for time he served while on probation (Am. Pet., Ground One); and ii) his parole was wrongfully revoked (id., Ground Two). As the Spencer Court noted, however, "[t]he reincarceration that [petitioner] incurred ...is now over, and cannot be undone. Subsistence of the suit requires, therefore, that continuing 'collateral consequences' of the parole revocation be either proved or presumed." Spencer, 523 U.S. at 8.

Ruddy has not demonstrated that he will sustain any collateral consequences due to the fact that state officials allegedly failed to properly calculate the term of imprisonment to which Ruddy was subject, or because his parole was purportedly improperly revoked. Nor can this Court envision any collateral consequences that may adversely impact Ruddy as a result of the foregoing.

Since: i) this action does not attack the underlying criminal conviction that resulted in the sentence imposed on Ruddy; and ii) the latest date on which Ruddy could have either been incarcerated or placed on parole for his crime has already expired, this Court finds that this action must be dismissed as moot. See, e.g., Spencer, 523 U.S. at 14-18; Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002) (habeas petitions are moot where there "is no material possibility" that petitioner will suffer collateral consequences regarding actions challenged in petition).[5]

---

[5] Even if this action had not been rendered moot, Ruddy would not have been entitled to the relief he sought in his amended pleading. This Court noted in its order directing service of the amended petition on the respondent that "[t]he Amended Petition filed by Ruddy in this matter ... plainly appears to be unexhausted." See Dkt. No. 5 at p. 3. In fairness and in deference to Ruddy's pro se status, however, this Court declined to dismiss Ruddy's pleading at that time and instead directed the respondent to file a response to Ruddy's pleading. Id. at pp. 3-4. In opposing the relief sought by Ruddy, respondent confirmed the fact that petitioner failed to exhaust any of the claims he asserts in

Accordingly, it is hereby

**ORDERED**, that Ruddy's Amended Petition (Dkt. No. 4) is **DENIED** and **DISMISSED AS MOOT**; and it is further

**ORDERED**, that the Clerk of Court serve a copy of this Decision and Order upon the parties to this action; and it is further

**ORDERED**, that any state court records that were not filed in this action be returned directly to the Attorney General at the conclusion of these proceedings (including any appeal of this Decision and Order filed by any party).

**IT IS SO ORDERED.**

DATED:   December 14, 2009
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

his amended petition. See Resp. Mem. at pp. 7-9. Since Ruddy has not demonstrated cause for his failure to exhaust his federal claims and prejudice, or that his procedural default may be excused due to his actual innocence, his amended petition would have been denied and dismissed as unexhausted if this action were not moot. See St. Helen v. Senkowski, 374 F.3d 181, 184 (2d Cir. 2004); Dixon v. Miller, 293 F.3d 74, 80-81 (2d Cir. 2002); Parker v. Phillips, No. 05-CV-1323, 2008 WL 4415255, at *2-3 (E.D.N.Y. Sept. 24, 2008), appeal dismissed, Parker v. Phillips, No.08-5382-pr (2d Cir. Mar. 31, 2009).